Good afternoon and may it please the court, Anwar Graves on behalf of appellant Travis Croft. This court should reverse the decision of the lower court because carjacking under South Carolina law is not a predicate offense under ACCA for three main reasons. First, because neither South Carolina's carjacking statute, case law, nor its define the term intimidation, this court must look to the usual and customary meaning of the term in order to ascertain the legislator's intent. And in looking at the usual and customary meaning of the term, intimidation includes nonviolent conduct. Second, a review of South Carolina case law, specifically where it determined that the statutory phrase force or coercion includes nonviolent conduct, reveals that South Carolina would similarly determine that the phrase force and violence or by intimidation would also include nonviolent conduct. And lastly, no legal imagination is required to hold that a realistic probability exists of one being charged with carjacking through nonviolent means. So starting with the first point, in looking at the usual and customary meaning of the term, intimidation includes nonviolent conduct. As mentioned earlier, the statute says by force and violence or by intimidation. The Supreme Court makes clear in Decomp v. United States that the legislative use of or to separate clauses within a provision is a strong indicator that each clause represents an alternative element or means in this case. And so if we look at intimidation in the usual customary meaning of the term, courts generally start with a dictionary, specifically Black's Law Dictionary, which defines intimidation as unlawful coercion, extortion. And coercion is defined in Blacks as compulsion of a free agent by physical, moral, or economic force. Mr. Graves, if I could stop you there. I mean, I've read the briefs and, you know, think you probably at least have a point, perhaps, if you look at intimidation, just in isolation. And I think we can all think of intimidation in ways that wouldn't necessarily involve either violence or the threat of it. But is that our inquiry? Or is our inquiry to look at it in the context of this statute, which requires the intimidation to be to take or attempt to take a vehicle while someone else is in it? And it seems to me that narrows the circumstances or the or the reach of intimidation. So specifically, well, respectfully, Your Honor, I would disagree. And I would ask this court to consider State v. Richardson. In that case, the language was slightly different. It was force or coercion, as opposed to force or intimidation. But in that case, which was a criminal sexual conduct case, the court affirmed that that's nonviolent conduct would apply. Specifically, in that case, there was a defendant pastor who used his moral and economic pressure to place the victim, or at least to compel the victim to engage in improper sexual conduct, or state another way, sexual conduct that was without their consent. And so I don't believe that necessarily force and violence or by intimidation would require this court to look at it from a violent perspective. And I see Judge Thacker. But isn't it a problem for you that there aren't any carjacking cases that have ruled in the way that you would interpret intimidation? So in carjacking cases, I would disagree. Shropshire v. United States is the Eastern District of Tennessee. There, the court found that the carjacking statute would use the phrase force or intimidation was not a violent felony, because the jury instructions. Yeah, but Mr. Graves, in that case, that the Tennessee court looked to Tennessee's pattern jury charges, which included language that was broader. Yeah, that was broad enough to include, you know, your perspective on that. It's that Judge Thacker's question seems to me to be geared more towards South Carolina. And I don't think there's any cases in South Carolina, where there's about carjacking, you know, where the perspective you talk about has been held. And almost to the contrary, the exact same language, force or intimidation in robbery, which carjacking seems to be, if anything, a category of or the Mitchell case says that, you know, a robber intimidates by threatening force. Now recognize that's robbery and not carjacking. But if it was robbery, it'd be seems to me to be case closed. And even though it's not robbery, it seems to be a challenge for why is the Mitchell case not, you know, pretty, pretty difficult for you to overcome. So I would ask this court to consider United States v. Drummond, because I believe that this court answered that question there. And in United States v. Drummond, which was actually a South Carolina case as well, that this this court stated that the legislature is presumed to be aware of the common law. And it's deliberate use of a phrase not rooted in the common law offense indicates that the legislature did not intend to mirror the requirements of the common law offense. But if your honor is correct, that carjacking is assumed by South Carolina to be robbery of a car, then one would have to ask the question pursuant to Drummond, why did South Carolina not mirror the language of robbery? It doesn't use a phrase putting such person in fear, which is the language of South Carolina's robbery statute. It doesn't use the term robbery. South Carolina elected to use the phrase force or coercion, I'm sorry, by force or intimidation, which is very similar to force or coercion. The phrase that South Carolina courts have decided includes nonviolent conduct. And as your honors correct, robbery is a common law offense. Of course, the interpretive rules are slightly different. But the reason why I mentioned what this legislature did is because statutory offenses like carjacking, the relevant question is what did the legislature intend? And here, as this court stated in Drummond, the fact that they did not use that language signals their intent for not to get robbery punishment. So as I was proceeding, I was saying that the notion of intimidation being tied to coercion in South Carolina's criminal code and also in its case law. I earlier mentioned Skateley-Richardson, which was criminal sexual conduct in a third degree, where the court found that economic or economic, I'm sorry, moral or economic factors can coerce. Specifically, the court used the quote, authority itself intimidates the implicit threat to- But going back to this other case you were talking about, what did you say that was? U.S. versus Drummond? Versus Drummond, yes, your honor.  It is. It's listed in my brief. Well, tell us a little bit about that. So recall it for us. Sure. One second. Pulling up the facts myself, specifically with Drummond, and it's referenced in the, I'm sorry, in appellant's reply brief. It deals with the notion of whether it was a South Carolina case, specifically, it was defining what the terms of a South Carolina statute meant. And the court, this court specifically looked at it and said that if the statute, the legislature did not use common law language, then therefore it signals an intent to depart from the common law offense. So that was the general background of United States v. Drummond, and it's mentioned on page 19 of appellant's brief, is where it's first cited. Well, if that, just kind of playing around with that argument, what South Carolina did, the language it did elect to use was the federal carjacking language, which has the intimidation language and has been held to require a threat of violence. So if you don't have the common law, if your argument is you don't, that South Carolina didn't use the common law language, and we look at what it did use, it's federal language that has been interpreted to be a crime of violence. So how does that help you? Yes, your honor. And I just want to refer the court to page 24 of the reply brief for the Drummond language that I've mentioned. But in answering your question- I found it. Okay. In other words, Judge Quattlebaum, with regards to federal carjacking, appellant would argue that's a red herring. And this court went down this road in United when it was asked to apply the federal interpretation of robbery made by this court in McNeil to Virginia's interpretation of robbery. And this court in Winston said, such cases are distinguishable from the present case because that decision involved this court's interpretation of the federal statute, rather than our application of a state court's determination of the state of chance. This court also noted that a state is entitled to define its crimes as it sees fit. So notably, while South Carolina used the phrase force and violence or by intimidation, it elected to not use the mens rea requirement that's listed in the federal carjacking statute. The mens rea requirement of intent to cause death or serious bodily injury. And appellant would argue that that mens rea limiter applies federal carjacking specifically to a violent context. I can't think- counsel cannot think of one example where one would have the intent to cause death or serious bodily injury, but not use violent force. However, counsel can think of many examples where one may use economic force or moral coercion to obtain property from someone else. And so the fact that mens rea requirement is not included is very dispositive. Appellant would believe in deciding whether or not the federal carjacking statute applies. Why would South Carolina include carjacking in its list of enumerated violent crime? I'm sorry, you broke up at the end there, Judge Mott. South Carolina includes carjacking in its list of violent crimes. Why would it do that if it's not a violent crime under South Carolina law? Well, as you noted in the carjacking statute, there are enhanced defenses for serious bodily injury, et cetera. And so it makes sense that it could be included in the violent crime context. But I will note for the court that kidnapping is also included in the violent crime list in South Carolina. And kidnapping is something that circuits have recognized. It's not necessarily an ACCA predicate. I will reference this court to United States v. Flores-Granados, where it's stated in dicta. This court stated that South Carolina's kidnapping statute would fall outside the generic definition of kidnapping, which would render it outside of the ACCA context. So simply because it's listed as a violent crime does not make it dispositive under ACCA. We are not dispositive. Sorry. Go ahead, Judge Mott. No, I was just going to say, I didn't suggest it was dispositive. But what we're trying to do is to see how the state treats this. And it seems that's one piece of evidence about how the state does treat carjacking. Go ahead, Judge Guadalupe. Yeah, and kind of similar to that, maybe another point that's not dispositive that, I think Judge Thacker alluded to earlier. And I just want to make sure we're on an agreement. And again, I'm not suggesting this means automatically you lose. But is there a South Carolina appellate decision that affirms a conviction of this statute where there is not a threat of violence? There is not an appellate decision, Your Honor. But I believe that's handled in this court's decision in United States v. Aparicio Soria. That case involved Maryland's use of resisting arrest, that statute. And the government there, like it's doing here, cited to 38 published opinions in support of the notion that Maryland would never convict someone of a nonviolent approach to resisting arrest. And armed with this amount of cases, the government asked this court to avoid exercising its legal imagination and find that it's a realistic probability that Maryland would apply resisting arrest in a nonviolent context. But Judge Davis refused this court's invitation. Specifically, in Aparicio Soria, the court stated that it has precedent from the Court of Appeals that states that all is needed is offensive physical contact, which would not be an act of predicate. Would you have similar authority from South Carolina Supreme Court? So, with regards to force and coercion, yes, Your Honor. And what appellant is arguing... The carjacking statute? No, not with force and coercion, which the carjacking is forced in violence or by intimidation. What appellant is arguing is that that's very similar to force or coercion. And force or coercion is something that South Carolina appellate courts in its highest court has deemed nonviolent conduct to apply to force and coercion. So, I think if we equate or say that intimidation is either the same or substantially the same as coercion, you think those help you. And I agree with that. I think our question is, do we do that or do we use other cases where intimidation has been used in the robbery context, which I think is harmful to you. So, that's kind of the fork in the road that you would ask us to go one way. I'm sure you will hear a different discussion in a little bit. I'm sure my dear friend, Ms. Thorn, will argue something different. But I would argue that South Carolina did the work for this court in defining intimidation and coercion. And again, I point this court to Stavey Richardson. The quote that's used in Stavey Richardson is, authority itself intimidates, the implicit threat to exercise it coerces. So, that's the distinction that South Carolina has with regards to that. And using that language, it found that nonviolent conduct would apply in the criminal sexual conduct crime or criminal statute. And doing so, again, is forcing coercion. And with regards to Your Honor's robbery point, again, I refer this court to the United States v. Drummond. I think there is something to be read into by the fact that the South Carolina legislature did not use robbery or putting such person in fear. It used force and violence or intimidation. Very similar to force or coercion. So, the last point that I was going to make when this happened, unless there are any other questions, is that there are other examples in South Carolina code where intimidation is also used. Witness intimidation is an example. And in Stavey Endman, the court found that intimidation in that context does not have to be violent. Similarly, in a lawful use of a telephone, South Carolina uses intimidation in that statute. And again, found that that does not need to be violent. The threat there does not need to be violent. So, throughout South Carolina's case law, we see the use of intimidation and we see the use of force or coercion. And in both of those approaches, we see that it's not violent. And the only way that this court, I believe, can reach the decision that it would be violent is if it's read in conjunction with federal carjacking statute. And this court made clear in the United States v. Winston that that's not the right approach. The right approach is not to evaluate the case absent from the legislature for it to be modeled after that federal statute. And so in the United States v. Winston, it makes it clear that we're not, that this court is not to look at the federal carjacking statute, but to look at South Carolina and its jurisprudence specifically in making their determination. And in doing so, as this court said in the United States v. Abdul Shafi, you look at the usual and customary meaning of the term. And we also look at case law in the state. Thank you very much. We'll hear from the government and then maybe you'll have some rebuttal. May it please the court, Katie Stoughton on behalf of the United States. The Supreme Court of South Carolina, this court, and every other circuit court have considered what the term intimidation means when a taking can be accomplished by force or violence or by intimidation. Everyone has held that intimidation in that sense means a threat to use violent force. In addition, the text, the history, and the application of the South Carolina carjacking statute show that intimidation in this context means that an ordinary reasonable person in the victim's position would feel a threat of bodily harm from the defendant's actions. Yes, Your Honor. Ms. Stoughton, could you respond to opposing counsel's argument about Drummond since it came up in his reply brief and I don't think the government then has yet had a chance to respond to that. Yes, Your Honor, I appreciate the opportunity. The point is taken that the South Carolina legislature in passing the carjacking statute did not incorporate the South Carolina common law robbery, as it had been explained by the Supreme Court. But what the legislature did do is instead use a very specific phrase by force and violence or by intimidation that had only been used for other places in the law. And that's the four federal robbery statutes. And so to the extent that the language of the statute would point you away from South Carolina common law robbery, and the Roseman decision, it would point you to these four federal statutes, and Evans and McNeil. But at the end of the day, either of those roads takes you to the same place. I mean, that's to a definition of intimidation that incorporates a threat to use violent force. So if I first address South Carolina law, the statute, as you know, has defined carjacking as a taking of a motor vehicle by force and violence or by intimidation while the person is operating or inside the vehicle. A carjacking is just a specific kind of robbery. And so to determine the minimum level of force that South Carolina courts require, in order to complete a carjacking, this court needs look no further than the South Carolina Supreme Court's definition of intimidation in the context of a common law robbery. In Roseman, the state Supreme Court explained that the essence of the common law robbery charge is a taking by violence or by intimidation. The court defined intimidation as whether a reasonable person would feel a threat of bodily harm from the perpetrator's acts. In doctor, this court held based on Roseman, the intimidation in the context of South Carolina robbery necessarily involves at a minimum the threatened use of physical force. A definition of intimidation that equates to a threatened use of force finds further support in the opinions analyzing the four federal robbery statutes that use this exact same phrase by force and violence or by intimidation. And before I turn to those statutes, if I could first just address my colleague's argument that these federal cases are not helpful in this context under Winston, it's not the government's position that these federal cases are controlling or that they dictate the outcome in this case. But we do think that these cases provide very helpful context for how the South Carolina courts would define intimidation. And that's for three different reasons. One is the text of the statute, South Carolina legislature adopted the exact same phrase by force and violence or by intimidation. The second is the history of the South Carolina statute. In the fall of 1992, Congress became the first legislative body anywhere in America to specifically enumerate the crime of carjacking. South Carolina just followed just a few months later and became the third jurisdiction to adopt a carjacking offense, and again, incorporated the language from the federal offense. And third, about 10 years later, after the carjacking statute was enacted, the Supreme Court in Roseman's adopted this court's definition of intimidation under the federal bank robbery statute. So I think the text and the history shows South Carolina intentionally modeled its carjacking statute after the federal statute. If you look first at federal bank robbery, again, as I mentioned, Roseman's definition of intimidation was taken from this court's definition of intimidation in the Wagstaff opinion, where the court held that bank robbery requires intimidation to be reasonably calculated to produce a fear of bodily harm based on the acts of the defendant. In McNeil, the court built on Wagstaff and held that the federal bank robbery statute is unquestionably a crime of violence under section 924 C's force clause. It explained that intimidation within that same phrase by force and violence or by intimidation simply means the threat of the use of force. Turning to the federal carjacking statute, in Evans, this court built on its holding in McNeil and held that federal carjacking, which again uses the same specific phrase by force and violence or by intimidation, is also a crime of violence under section 924 C's force clause. And if I could address my colleague's argument about the specific intent element that's present in the federal carjacking statute, but not in the state carjacking statute, the specific intent element doesn't change the quantum of force that's required to commit a carjacking by intimidation. And I'd point the court to a few different places to reach that conclusion. The first is the court's opinion in Evans. Evans, of course, recognized that the specific intent element is a required element of the federal carjacking charge, but its analysis under the force clause focused solely on the by force and violence or by intimidation element. Second, the three other federal taking statutes, bank robbery, controlled substance robbery, and robbery in the jurisdiction of the United States, all use the same phrase by force and violence or by intimidation. But they lack the specific intent element that's present in the federal carjacking statute. But regardless, all three of those statutes have been broadly and to be crimes of violence under various force clauses. And then finally, I would point the court to the Ninth Circuit's decision in false, which I cited to you in the 28 J letter that I submitted earlier this week. There, the Ninth Circuit explained that what matters for purposes of a categorical approach analysis is the manner of execution of the crime and not any specified level of intent. So regardless of the heightened intent element that's present in the federal carjacking statute, we believe that it's the phrase by force and violence or by intimidation that controls the categorical approach analysis that the court is undertaking here. In addition to the specific text and history of the South Carolina statute, application of the carjacking statute in South Carolina shows that it requires a use or threatened use of force that's sufficient under Johnson. The cases involving a conviction for carjacking in exclusively to prosecute the use or threatened use of violent physical force cited to a number of cases on page 15 of the government's response brief. Each of those reflects an instance where the defendants used a weapon like a gun or a knife to overcome victims, and in many cases threatened to kill in one case to sexually mutilate the victims, they didn't turn over control of the car. So in short, there's just no indication in the text, the history or the application of the South Carolina carjacking statute, South Carolina would prosecute as a carjacking something that's accomplished by less than threatened use of physical force. If I could just briefly address the three sources that Mr. Croft has asked the court to consult instead of the application of a statute. The government, of course, agrees that the word intimidation is used in many different contexts. The Supreme Court has explained that the meaning of statutory language, whether it's plain or not, depends on text. And so with respect, I don't think that the appropriate appropriate approach here is to open the dictionary and find the broadest or most common definition for intimidation. Because you have to look at the context in which it's used. And that's within the phrase by force and violence or by intimidation. And that's within the context of an unlawful taking. Second, as to other South Carolina crimes, again, I believe that this is an attempt to divorce the word intimidation from the context and define it in the abstract. The specific statutes that Mr. Croft has relied on don't actually prohibit completing an act by intimidation in the way that the carjacking statute does. The criminal sexual conduct in the third degree statute, which was an issue in the first degree statute, doesn't seem to use force or coercion to accomplish a sexual battery. It doesn't use the word intimidation in that statute at all. So even if the court were to look purely to dictionary definitions, I think the fact that the South Carolina legislature has used different forms of the word intimidate or intimidation or synonyms for the words intimidate or intimidation indicates that the legislature would have intended those statutes to have different meanings. Finally, as to the other federal court's decisions that find other state statutes are not crimes of violence, I think each of those cases is distinguishable. And the body of case law as a whole is an opposite here. In every one of those indications, there was some concrete indication in the state law, there was something like pattern jury instructions. In the Tennessee case, it was a defendant's own jury instructions, or a state court decision, holding that a carjacking could be committed through something other than or less than a threat-induced force. There is no such indication in the South Carolina law. So the fact that Tennessee or Massachusetts allow carjacking to be completed by something like coercion or without the use of any force at all simply has no bearing on how the South Carolina legislature has intended to define the term carjacking. If the court has no further questions, I would just reiterate that the text, the history, and the application of the South Carolina carjacking statute show that intimidation in this context means a threat to use violent force. South Carolina carjacking is therefore a violent felony under the ACCA's force clause, and the denial of Mr. Croft's motion for relief from his ACCA sentence should be affirmed. Thank you. Do you have any rebuttal? I do, Your Honor. And if I may, I want to play off of Judge Quattlebaum's fork in the road analysis that we mentioned earlier. So the first fork in the road is robbery, and I think that's disposed by Drummond. As discussed earlier, South Carolina did not decide to use the common law terms in common law offense. The second fork in the road is federal carjacking, and I believe that's disposed of in the United States v. Winston, where this court was asked to do the exact same thing, where the terms were the same when applied to the Virginia robbery statute, and this court refused an invitation, saying that the federal context is not helpful in determining what the state means when they use a certain term. So then we're at that last fork in the road, which is what Appellant is suggesting this court broke down, and that's when you examine the individual state and what their intent was. And so at bottom, I think this case can be resolved by a hypothetical. Let's say that we have State v. Richardson again, where the pastor has decided to use his moral and economic influence over someone that has a brand new car and says, give me your car, or I'm going to stop doing whatever it is I'm doing for your family within the church. Is there anything in the South Carolina statute that would prevent a prosecutor from charging that with carjacking? The answer is no. South Carolina did not choose to use the federal language of with intent to cause death or serious bodily harm, so there's no limiter in place for that. They did not choose to use putting such person in fear, which is the robbery language South Carolina has chosen. It means violent force in the robbery context. It used by force and violence or by intimidation, which South Carolina, wait, well, I will argue to the court or submit to the court. Intimidation and coercion is used very much interchangeably in South Carolina and coercion has been found to be a non-violent means of achieving a criminal act. And so is this case closer to United States v. Evans, or is this case closer to State v. Richardson? An appellant would argue that this case is closer to State v. Richardson, as there's nothing in this case in the statute that would prevent the pastor from using the same economic and moral influence that was used in Richardson here in this case with Mr. Croft. The last thing, I didn't get to finish my thought last time with regards to Aparicio Soria, and that's just to address my colleague's argument that there are no cases that show the carjacking impact. And in refusing the all that's needed is that offensive physical contact, which the Court of Appeals has affirmed in Maryland for resisting arrest. Well, here's the same situation. I think what we have is force or coercion, which the State Supreme Court and State Court of Appeals has defined as being non-violent. And so in looking at it, we don't need a cited opinion. We don't need something that's risen up on appeal because the State Supreme Court and the State Appellate Court has already made the determination that force or coercion, again, is very similar to force violence or by intimidation, includes non-violent conduct. And to close the thread, Shropshire, which is where this Judge Thacker mentioned, or I'm sorry, maybe Judge Quattlebaum, where I mentioned the Tennessee Supreme Court looked at the pattern during instructions. Those pattern during instructions were the exact same as the definition of coercion in Black's Law of Difference Prediction Area. And with that, that's the end of my time, and I'll ask this court to reverse the ruling of the lower court. Thank you. Thank you very much. We appreciate the arguments of both counsel. You did a really fine job. It's hard to do at 4.30 in the afternoon. Thank you very much. Well, they are from South Carolina, so they have an advantage. That's true. And Judge Motz, I just wanted to note that I think Mr. Graves is court-appointed. I was just about to ask, are you court-appointed? Well, you did a great job for your- Thank you. Thank you. And thanks to the court for this opportunity. This was great. Thank you. And Ms. Stoughton did a wonderful job on behalf of the government. She absolutely did. Thank you, Your Honor.
judges: Diana Gribbon Motz, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.